UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/17

CREATIVE INSTALLATIONS INC.,

Plaintiff,

-v-

CREATIVE CORPORATION,

Defendant.

No. 16-cv-8150 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of a Form AO85 from the parties, in which they "consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings," pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. No. 24.) A district court may "reject" such a referral "'for good cause shown on its own motion.'" *Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (quoting 28 U.S.C. § 636(c)(4)); *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984). The "determination of good cause . . . 'is committed to the court's sound discretion.'" *Paddington Partners v. Bouchard*, 950 F. Supp. 87, 89 (S.D.N.Y. 1996) (quoting *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018 (5th Cir. 1987)). Such discretion is properly exercised in cases where parties provide consent to proceed before a magistrate judge for the purpose of evading an unfavorable decision of the district judge. *See Fulton*, 289 F.3d at 199 (concluding "[i]t was well within the court's discretion to reject reference to a magistrate judge" when party had "not indicate[d] his agreement to such a reference" until after district court had heard arguments on motions for summary judgment and recusal).

Here, in light of the parties' prior declination of such consent on January 18, 2017 (Doc. No. 16 at 1), it appears obvious that the parties' recent request to proceed before a magistrate judge is in fact a tactical decision designed to evade the Court's initial scheduling order, which directed that discovery was to be completed by June 18, 2017 (*id.* at 2), and the Court's June 20 and June 22 orders, which set a trial date for October 30, 2017 and denied the parties' request to adjourn the trial date and extend the discovery deadline (Doc. Nos. 21, 23). Accordingly, the Court finds "good cause" under Section 636(c) to decline the parties' referral request.

The parties are reminded that the joint proposed pre-trial order and other associated submissions are due on September 18, 2017, the final pre-trial conference shall take place on Friday, October 20, 2017 at 4:00 p.m., and a bench trial shall commence on Monday, October 30, 2017 at 9:30 a.m. (Doc. No. 21.) Of course, the parties are free to engage in informal discovery on consent prior to trial. However, the time in which to make post-discovery motions has expired, and the Court will not grant any adjournments of the deadline for pre-trial submissions.

SO ORDERED.

Dated: June 30, 2017
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE